| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br><br>**Caption in Compliance with D.N.J. LBR 9004-2 (c)**<br>BRUCE J. DUKE, LLC<br>By: Bruce J. Duke, Esq. (BD0077)<br>Tabernacle Legal Group<br>P.O. Box 1418<br>648 Tabernacle Road<br>Medford, NJ 08055<br>P: (856) 701-0555<br>brucedukeesq@gmail.com<br>Attorney for Debtor<br><br>In re:<br><br>OSMAN ALI | CHAPTER 13<br><br><br><br>CASE NO. 18-14588 (JKS) |

CERTIFICATION IN OPPOSITION TO TRUSTEE
CERTIFICATION IN SUPPORT OF DEFAULT

I, Bruce J Duke, do hereby certify as follows:

1. I am an attorney-at-law, licensed to practice in the state of New Jersey and counsel to debtor Osman Ali ("Debtor"). As such, I am aware of the facts of this case and competent to testify thereto.

2. I submit this certification in response and in opposition to the certification filed by the Chapter 13 trustee in support of default and dismissal.

3. The Debtor does not believe there is a basis for dismissal of this bankruptcy case.

4. The debtor has worked incredibly hard to obtain confirmation of the chapter 13 plan, including but not limited to filing a proof of claim on behalf of the secured creditor which failed and/or refused to do so.

5. While we understand that the court entered a confirmation order requiring a loan modification, the lender, SN Servicing ("Lender"), did make a loan modification offer,

which was rejected by the Debtor.

6. The loan modification proposal submitted by the Lender would have required the Debtor to pay almost $200,000 more over the life of the loan modification than the Debtor would be required to pay through the confirmed Chapter 13 Plan.

7. Such a proposal would be unduly burdensome to the Debtor and would require the Debtor to pay substantially more to the Lender than the Lender would be entitled to pursuant to the Plan.

8. The Debtor proposed the Plan in good faith, and such Plan was accepted by the Court. On the contrary, the Lender never filed a proof of claim and cannot now be allowed to modify the Plan as confirmed.

9. We do not believe that the loan modification proposal was made in good faith and was merely an effort by the Lender to obtain through such modification what it could not receive from this Court.

10. As such, the Debtor respectfully requests that he be permitted to make the Plan payments as confirmed, and that he not be required to enter into a loan modification agreement that would have such a detrimental impact on his financial well-being.

I hereby certify that the foregoing factual statements made by me are true. I am aware that if any of the foregoing factual statements made by me are willfully false, I am subject to punishment.

Dated: July 22, 2019                                    /s/ Bruce J. Duke
                                                         Bruce J Duke